FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

2015 AUG -7 P 4: 21

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |  |
|---|---|---|
| HILTON WORLDWIDE, INC., HILTON GRAND VACATIONS COMPANY, LLC, and HLT DOMESTIC IP, LLC | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:15-CV-1001 (GBL/TCB) |
| v. | ) ) | |
| GLOBAL ADVERTISING, INC. d/b/a GLOBAL VIP GET-A-WAYS | ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

Plaintiffs Hilton Worldwide, Inc. ("Hilton Worldwide"), Hilton Grand Vacations Company, LLC ("HGV"), and HLT Domestic IP, LLC ("HLT") (collectively "Hilton") allege as follows for its complaint against Defendant Global Advertising, Inc. d/b/a Global VIP Get-A-Ways ("Defendant").

### NATURE OF THE CASE

1.    This is an action for trademark infringement, trademark counterfeiting, trademark dilution, and unfair competition under federal law, and violation of the Virginia Trade Secrets Act and the common law of the Commonwealth of Virginia. Hilton brings this action to protect some of its most valuable assets; namely, the goodwill and consumer recognition it has developed in federally-protected marks associated with the Hilton brand.

2.      For many years, Hilton and its affiliates and subsidiaries, has continuously used and promoted its proprietary marks in connection with the advertising, promotion and sale of its hospitality services.

3.      Without Hilton's authorization or consent, but with clear knowledge of Hilton's prior rights in its federally-protected marks, Defendant has used Hilton marks in its telemarketing services and has used and referenced private Hilton customer data in its marketing and promotions.

4.      This misleading telemarketing has caused confusion among Hilton's customers and members of the public who have complained of Defendant's improper solicitation. Accordingly, Hilton seeks to protect its valuable marks and halt the damages and irreparable harm it has suffered and will continue to suffer as a result of Defendant's deceptive and false marketing to Hilton's customers.

## PARTIES

5.      Plaintiff Hilton Worldwide, Inc. ("Hilton Worldwide") is a Delaware corporation with its principal place of business in McLean, Virginia.

6.      Plaintiff Hilton Grand Vacations Company, L.L.C ("HGV") is a Delaware limited liability company with its principal place of business in Orlando, Florida.

7.      Plaintiff HLT Domestic IP, LLC ("HLT") is a Delaware corporation with its principal place of business in McLean, Virginia.

8.      Defendant is a Florida corporation. Upon information and belief, Defendant's principal place of business is Kissimmee, Florida.

## JURISIDCTION AND VENUE

9.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. §§ 1121 and 6104. The Court has supplemental jurisdiction over Hilton's state law claims under 28 U.S.C. § 1367.

10.      Defendant is subject to general and specific personal jurisdiction in the Commonwealth of Virginia. Defendant operates a telemarketing service in which it solicits members of the general public, including Virginia residents, for sales of vacation and timeshare services.   Defendant has held itself out as an affiliate of Hilton Worldwide, which is a corporation headquartered in Virginia; solicited customers located in Virginia; and caused injury to Hilton within the Commonwealth of Virginia.

11.      Venue is proper in this district under 28 U.S.C. § 1391(b).

## FACTS

12.      Hilton is a leading international hospitality company, and one of the world's most recognized and well-known brands in hotel and vacation services. In addition to its hotel-based hospitality services, Hilton provides high-quality real estate timeshare services for properties in popular vacation destinations in the United States.

13.      Hilton Worldwide is the parent company for this international hospitality company.

14.      HGV is a division of Hilton Worldwide that offers vacation ownership resorts and timeshare services and products.

15.      HLT is a wholly owned subsidiary of Hilton Worldwide which is the record and registered owner of certain intellectual property, including the trademarks at issue in this litigation.

3

16.     Founded in 1919, Hilton has been a prominent and respected global hospitality company for nearly one hundred years. Hilton has invested substantial time, effort and money in advertising and promoting its services under the Hilton brand and using distinctive Hilton marks, and it has earned a reputation for quality and consistency in its hotel, resort, and timeshare services.

17.     To protect its rights in the Hilton brand, Hilton has obtained federal registrations on the Principal Register of the United States Patent and Trademark Office for the trademark HILTON in Registration Nos. 845,172; 2,478,190; 2,649,645; and 4,171,819.

18.     The HILTON mark is registered, in part, in connection with the following services:

> Hotel services; restaurant, catering, bar and cocktail lounge services; resort lodging services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banqueting and social function facilities for special occasions; and reservation service for hotel accommodations for others.

19.     Hilton has also obtained federal registrations for the trademark HILTON GRAND VACATIONS in Registration Nos. 3,304,342, 1,180,193, and 3,304,364. The HILTON GRAND VACATIONS mark is registered, in part, in connection with vacation real estate timeshare services.

20.     Together, the marks referenced in paragraphs 18 through 19 above are referred to as the "HILTON Marks."

21.     Hilton has invested considerable time, effort, and money in advertising and promoting its hotels and hospitality services. Each year, Hilton spends millions of dollars in promotional marketing expenditures directly related to the Hilton brand. This promotion includes print media, internet sites, point of sale advertising, and point of sale displays.

4

22.     In an effort to distinguish and maintain the reputation of its brand, Hilton has devoted a substantial amount of time, effort, and resources into controlling the form and flow of solicitations directed to its customers. Hilton has invested considerable care and research into ensuring that its customers are not burdened with a high volume of intrusive solicitations as a result of its patronage of Hilton hotels and timeshares or its membership on Hilton's customer lists and rewards programs.

23.     As an ultimate consequence of Hilton's promotion and protection of its services and reputation, the HILTON Marks has become extremely valuable and tremendously important assets belonging exclusively to Hilton, symbolizing Hilton's consistently high-quality hospitality services and the goodwill appurtenant thereto.

24.     The HILTON Marks has come to be recognized and associated by consumers exclusively with the high quality hospitality services provided by Hilton, including its hotel, vacation, and real estate timeshare services.

25.     Hilton's marks are well known, highly distinctive and famous, and became famous long before Defendant commenced the actions complained of in this Complaint.

26.     The goodwill of the Hilton name is worth a great deal, and those who invoke and trade on that goodwill receive a valuable benefit.

## DEFENDANT'S UNLAWFUL ACTS

27.     Defendant operates hospitality promotions companies in which they sells hotel rooms and vacation and resort packages to the public in exchange for a fee. Defendant intentionally targets and markets its services to Hilton customers through telemarketing.

28.     Hilton has no affiliation or contractual relationship with Defendant. Rather, Hilton and Defendant are competitors in the hospitality industry.

29.     Hilton has not granted Defendant permission to use its protected marks in commerce or in any context.

30.     In its marketing campaigns, Defendant has invoked and used the HILTON Marks and attempted to trade upon the goodwill Hilton has developed in those marks.

31.     Specifically, Defendant has targeted Hilton's hotel customers and informed Hilton's customers that it obtained the customers' contact information and other personal information through a partnership with Hilton.

32.     Defendant has obtained Hilton customer's private hotel and timeshare stay data, and they has used and relayed this confidential information in its telemarketing to Hilton customers.

33.     Defendant uses and relies on this confidential data during its telemarketing and has stated that they obtained such data from Hilton or through its relationship or affiliation with Hilton.

34.     Because Defendant possesses this confidential data and falsely represents itself to be an affiliate of Hilton, Hilton's customers has been confused and are likely to be confused with Defendant's relationship and affiliation with Hilton.

35.     Hilton's customers has reported to Hilton that Defendant's solicitations are bothersome and intrusive, and they has expressed complaints and dissatisfaction that Hilton would allow such unwelcome marketing techniques and share its customer data with telemarketing companies.

36.     By invoking the HILTON Marks in its telemarketing, Defendant intends to trade on Hilton's goodwill in its marks by suggesting that Defendant's services are associated with,

sponsored by, or affiliated with Hilton, and that they carry with them the same reputational quality as Hilton services and products.

37.     Hilton has no control over the manner of Defendant's use of the HILTON Marks or the quality of services advertised, promoted, and offered by Defendant in connection with the HILTON Marks.

38.     Defendant's conduct has caused and will continue to cause irreparable injury because it diminishes the reputation of the HILTON Marks and the valuable and inherent goodwill built in the Hilton brand.

39.     An award of monetary damages cannot fully compensate Hilton for its injuries, and Hilton lacks an adequate remedy at law.

40.     Undersigned counsel for Hilton served Defendant with a cease and desist letter on July 23, 2015, but Defendant failed to provide any response of any nature.

41.     Counsel for Hilton also contacted Defendant by phone on July 31, 2015 and asked to speak to the company's principal and registered agent, Gabriel V. Hernandez.   Although an employee of Defendant promised that Mr. Hernandez would return the call by no August 3, 2015, Defendant never responded to the phone call or to Hilton's demands that it cease and desist from its illegal conduct.

42.     Defendant's acts were deliberately and intentionally carried out in bad faith, or with a reckless disregard for or with willful blindness to Hilton's rights, for the purpose of trading on Hilton's reputation and diluting the HILTON marks.

43.     Pursuant to 15 U.S.C. § 1117, Hilton is entitled to recover the costs of this action. The intentional nature of Defendant's unlawful acts renders this an "exceptional case," entitling Hilton to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT I
### Federal Trademark Infringement
### 15 U.S.C. § 1114
### (Infringement of Registered HILTON Marks)

44.     Paragraphs 1 through 43 are incorporated and made part of this Count.

45.     Defendant is using reproductions, counterfeits, copies or colorable imitations of Hilton's marks, which are federally-registered, in commerce in connection with the sale, offering for sale, distribution and/or advertising of hospitality services that do not originate with, and are not sponsored by or affiliated with, Hilton.

46.     Defendant's actions are likely to cause confusion, mistake, or deception as to the source of origin of the hospitality services offered by Defendant in connection with Hilton's marks, in that customers and potential customers are likely to believe that the services offered by Defendant in connection with reproductions, counterfeits, copies or colorable imitations of Hilton's are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Hilton.

47.     Hilton's customers and potential customers are likely to believe there is some association or affiliation between services offered by Defendant and services offered by Hilton.

48.     Despite the fact that there is no partnership between Hilton and Defendant, Hilton's customers have expressed dissatisfaction that Hilton would partner with Defendant, whom they believe to be an overly aggressive timeshare and telemarketing company.

49.     The confusion, mistake, or deception caused by Defendant is in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

50.     These acts of infringement has been and continue to be deliberate, willful, and wanton within the meaning of 15 U.S.C. § 1117.

8

51.     As a direct and proximate result of the likely confusion, mistake, or deception, Hilton has suffered and will continue to suffer irreparable harm if the conduct of Defendant is not enjoined.

52.     An award of monetary damages cannot fully compensate Hilton for its injuries, and Hilton lacks an adequate remedy at law.

<div align="center">

**COUNT II**
**Federal Unfair Competition**
**15 U.S.C. § 1125(a)**
**(Infringement of HILTON Marks)**

</div>

53.     Paragraphs 1 through 52 are incorporated and made a part of this Count.

54.     Defendant's actions constitute use of terms, names, symbols and devices, and use of false designations of origin, all of which are likely to cause confusion, mistake, or deception as to the source of origin of the products provided by Defendant, in that customers and potential customers are likely to believe that such products are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Hilton.

55.     Defendant's actions are likely to cause confusion, mistake, or deception, in that customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between the products provided by Defendant and Hilton's services.

56.     Specifically, Defendant's use of the "Hilton" name as alleged herein is likely to cause confusion and mistake and to deceive customers as to the source of origin of Defendant's services.

57.     As a direct and proximate result of the likely confusion, mistake, or deception, Hilton has suffered and will continue to suffer irreparable harm if the conduct of Defendant is not enjoined.

58.     These acts of infringement has been and continue to be deliberate, willful, and wanton within the meaning of 15 U.S.C. § 1117.

59.     The likely confusion, mistake, or deception caused by Defendant is in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60.     An award of monetary damages cannot fully compensate Hilton for its injuries, and Hilton lacks an adequate remedy at law.

**COUNT III**
**False Advertising**
**15 U.S.C. § 1125(a)**

61.     Paragraphs 1 through 60 are incorporated and made a part of this Count.

62.     Defendant has made false and misleading statements in the course of its telemarketing and "cold-calling" Hilton's customers.

63.     Defendant has falsely represented that they received Hilton customers' contact information through a partnership with Hilton.

64.     In each case, Defendant has engaged in commercial speech, in interstate commerce, designed to influence customers to purchase Defendant's products or services.

65.     Defendant's false and/or misleading statements, made in commercial advertising and promotion, misrepresent the nature, characteristics and qualities of Defendant's hospitality products and services, in interstate commerce, in violation the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

66.     Defendant's false and/or misleading advertising statements are material as they are likely to influence customer decisions on whether to purchase hospitality products and services from Defendant or Hilton's competitors.

67.     Defendant's false and/or misleading advertising statements has the tendency to deceive a substantial segment of its intended audience and has actually deceived customers.

68.     Defendant has made false and/or misleading advertising statements with knowledge of its falsity or misleading character, or willfully and with a reckless disregard for its falsity or misleading character.

69.     As a direct and proximate result of Defendant's publication and dissemination of false and/or misleading advertising, Hilton has suffered substantial damage and irreparable harm, for which Hilton has no adequate remedy at law.  Hilton is likely to lose customers and market position, and is likely to suffer reputational harm, because customers are being deceived and misled as described in this Complaint.

70.     Unless and until Defendant's unfair competition is enjoined, Hilton will continue to suffer irreparable harm, lost sales and damages.

71.     Hilton has been and is likely to continue to be injured by Defendant's false and/or misleading advertising campaign by a diversion of sales from Hilton to Defendant and Hilton's competitors, as customers purchase Defendant's hospitality products and services under the mistaken belief that Defendant has a business relationship with Hilton in which Hilton shares its customers' data.  Moreover, Defendant's false and misleading representations have forced Hilton to incur expenses responding to customers and rebutting Defendant's falsehoods.

72.     Under 15 U.S.C. § 1117(a), Hilton is entitled to recover Defendant's profits from its false advertising, Hilton's actual damages caused by Defendant's false and/or misleading advertising campaign, and Hilton's costs of this action, in amounts to be determined at trial.

73.     Defendant's intentional and willful violations entitle Hilton to recover treble damages pursuant to 15 U.S.C. § 1117(a).

74.    Defendant's intentional and willful violations make this an exceptional case, entitling Hilton to recover its reasonable attorney's fees in an amount to be determined at trial pursuant to 15 U.S.C. § 1117(a).

<div align="center">

**COUNT IV**
**Federal Trademark Dilution**
**15 U.S.C. § 1125(c)**
**(Dilution of Hilton's Marks)**

</div>

75.    Paragraphs 1 through 74 are incorporated and made a part of this Count.

76.    The HILTON Marks are famous trademarks within the meaning of 15 U.S.C. § 1125(c), and became famous before Defendant began using the HILTON Marks. The HILTON Marks are advertised and used extensively throughout the United States, and are highly recognizable by the trade and consuming public. Further, Hilton actively polices the use of the HILTON Marks by third parties.

77.    Defendant is engaged in a commercial use of the HILTON Marks.

78.    Defendant's actions are disparaging and damaging, and are likely to cause dilution of the HILTON Marks through, at the very least, tarnishing.

79.    Defendant's actions dilute by blurring Hilton's Marks and by impairing the distinctiveness of the HILTON Marks.

80.    Defendant's actions tarnish HILTON Marks by, at least, using the HILTON Marks in unsolicited, burdensome, and intrusive telemarketing.

81.    As a result of the Defendant's diluting and disparaging activities, Hilton has suffered, and will continue to suffer, irreparable injury and substantial damages, while Defendant has been and will continue to be unjustly enriched.

82.    The likely dilution of the HILTON Marks caused by Defendant is in violation of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

83.    An award of monetary damages cannot fully compensate Hilton for its injuries, and Hilton lacks an adequate remedy at law.

## COUNT V
### Virginia Uniform Trade Secrets Act
### Virginia Code Ann. § 59.1-337

84.    Paragraphs 1 through 83 are incorporated and made a part of this Count.

85.    Hilton has taken reasonable and significant precautions to protect and maintain its confidential customer information, including past hotel and resort stay data and customer lists.

86.    Hilton's confidential customer information and customer lists provide its with a substantial competitive advantage in the marketplace in relation to its competitors, including Defendant.

87.    Hilton's confidential customer information and customer lists are a trade secret protected under Virginia law.

88.    Upon information and belief, Defendant and/or those acting under control of Defendant acquired Hilton's confidential information and customer lists through improper means by purchasing the trade secrets from sources that they knew or had reason to know stole this information from Hilton or obtained it illegally or from a person who had a duty to maintain its secrecy, such as a former Hilton employee.

89.    Defendant has misappropriated this trade secret by using Hilton's customer information or customer lists in its telemarketing schemes.

90.    As a result of this misappropriation and misuse, Hilton has been harmed and will continue to be harmed.

## COUNT VI
### Virginia Common Law Unfair Competition

91.    Paragraphs 1 through 90 are incorporated and made a part of this Count.

92. Defendant's conduct constitutes unfair competition in violation of Hilton's rights.

93. As a direct and proximate result of Defendant's unfair competition, Hilton has suffered and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.

94. Defendant's acts were taken in willful, deliberate and/or intentional disregard of Hilton's rights.

**JURY DEMAND**

Hilton respectfully requests a jury trial for this matter.

**WHEREFORE**, Hilton prays for judgment against Defendant as follows:

A. Preliminarily and permanently enjoining and restraining Defendant and its directors, members, officers, agents, servants, employees, subsidiaries, privies, and affiliates, and all persons in active concert or participation with, though, or under any of them, at first during the pendency of this action and thereafter perpetually, from:

1. representing in any manner or by any method whatsoever that goods and services not sponsored, approved, or authorized by or originating from Hilton but provided by Defendant is sponsored, approved, or authorized by or originate with Hilton, or from otherwise taking any action likely to cause confusion, mistake, deception of the public as to the origin, approval, sponsorship, or certification of such goods and services;

2. representing in any manner or by any method whatsoever that any business conducted by Defendant is connected, affiliated, or otherwise associated with Hilton, or from otherwise taking any action likely to cause confusion, mistake, or deception of the part of the public as to the

connection, affiliation, or other association of Defendant's business with Hilton;

3.      using the Hilton Marks or any other trademark that is a colorable imitation or is confusingly similar in any manner to that trademark, on or in connection with the sale, offering for sale, advertisement, or promotion of any goods or services not originating from Hilton;

4.      using the name "Hilton" or "Hilton Grand Vacations" or any other name or mark that is confusingly similar any manner or that causes or is likely to cause confusion to customers in connection with the sale, offering for sale, advertisement, or promotion of any goods or services not originating from Hilton;

5.      making any statements in promotional materials or telemarking for Defendant's sales that are false or misleading as to source or origin;

6.      committing any acts of deceptive, unlawful or unfair acts calculated to cause members of the trade or purchasing public to believe that Defendant's services are the services of Hilton or are sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Hilton under the supervision or control of Hilton.

B.      Requiring that Defendant, within 30 days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon Hilton's counsel a written report under oath setting forth details of the manner in which Defendant has complied with the Court's order pursuant to the paragraphs herein.

C.     In connection with Defendant's acts of federal trademark and dilution, and of unfair competition, requiring Defendant to account and pay over to Hilton all damages sustained by Hilton, Defendant's profits, Hilton's attorneys' fees and costs, and ordering that the amount of damages awarded Hilton be increased three times the amount thereof.

D.     In connection with Defendant's acts of federal trademark counterfeiting, requiring Defendant to account and pay over to Hilton all damages sustained by Hilton, Defendant's profits, Hilton's attorneys' fees and costs, and granting Hilton either treble damages or statutory damages, plus prejudgment interest, pursuant to 15 U.S.C. § 1117.

E.     Requiring that Defendant disclose and thereafter destroy any confidential or proprietary Hilton information or data, including, without limitation, the following confidential information related to Hilton's customers: identifying information; customer contact information; hotel, timeshare, and resort-stay history; and any Hilton HHonors Program data.

F.     That Hilton be awarded damages for injury to its business reputation and the loss of its goodwill as a result of Defendant's engagement in or assistance in deceptive and abusive telemarketing practices, and by Defendant's offer to sell and sale of goods and services that they misrepresented came from or were affiliated with Hilton;

G.     That Hilton be awarded as damages the disgorgement of profits Defendant has received as a result of its unlawful and tortious conduct;

H.     That Hilton be awarded punitive damages for Defendant's unfair competition under Virginia law, in view of Defendant's wanton and deliberate illegal acts committed with oppression, fraud, or malice;

I.     That Defendant pay punitive and exemplary damages for its willful conduct as otherwise provided under federal and state law;

J.      That Hilton be awarded its attorneys' fees and costs as provided under the federal

and state statutory authorities cited herein, or as may be recoverable under common law;

K.      That Hilton be awarded pre- and post- judgment interest, as recoverable under

statutory or common law; and

L.      That Hilton be awarded such other and further relief as this Court deems just and

proper.


Dated: August 7, 2015                          Respectfully submitted,

                                               John D. Wilburn (VSB # 41141)
                                               Stephen Mulligan (VSB #78858)
                                               MCGUIREWOODS LLP
                                               1750 Tysons Boulevard, Suite 1800
                                               Tysons Corner, Virginia 22102
                                               Phone: (703) 712-5000
                                               Fax: (703) 712-5282
                                               jwilburn@mcguirewoods.com
                                               smulligan@mcguriewoods.com

                                               *Counsel for Plaintiffs*